UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEROY DORSEY,

                            **Plaintiff,**

   v.                                                            9:12-CV-1162
                                                                           (MAD/CFH)

THOMAS E. LAVALLEE, et al.,

                            **Defendants.**

APPEARANCES:

LEROY DORSEY
97-A-3442
Plaintiff, *pro se*
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902

**MAE A. D'AGOSTINO, United States District Judge**

**DECISION AND ORDER**

      Plaintiff Leroy Dorsey commenced this action by filing a *pro se* complaint. *See* Dkt. No. 1. Plaintiff requested leave to proceed *in forma pauperis*. *See* Dkt. No. 4 ("IFP Application"). By Decision and Order of this Court filed on October 23, 2012, Plaintiff's IFP Application was denied pursuant to 28 U.S.C. § 1915(g), because Plaintiff has accumulated "three strikes" and is not entitled to the imminent danger exception. *See* Dkt. No. 7 (the "October Order"). Plaintiff was advised that this action would be dismissed without prejudice, without further order of the Court, if he failed to pay the full three hundred and fifty dollar ($350) filing fee within thirty (30) days of the filing date of the October Order. *See id.* Presently before the Court is Plaintiff's motion for reconsideration of the

October Order.  *See* Dkt. No. 8.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice.  *See Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).  The standard for granting a motion for reconsideration is strict.  *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.* (citation omitted).  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citation omitted).

As best as the Court can determine, Plaintiff appears to argue that this action should not be dismissed for non-payment of the filing fee because he is in imminent danger of serious physical injury.  Dkt. No. 8.  Since Plaintiff does not suggest that there has been either an intervening change in the controlling law or that he has discovered new evidence, it appears that he seeks reconsideration to remedy a clear error of law or to prevent a manifest injustice.

Among other things, Plaintiff claims that imminent danger started at Clinton Correctional Facility ("Clinton C.F.") in 2009, and that he was assaulted on February 2, 2010, and again in March, 2010.  Moreover, beginning with his transfer to Elmira Correctional Facility ("Elmira C.F.") on January 14, 2011, he was placed in further imminent danger and claims that he was assaulted at Elmira C.F. on December 2, 2011, and February 10, 2012.  Moreover, Plaintiff claims that he is still facing

imminent danger at Elmira C.F. because his mail is being "stolen" and he is being denied access to the courts.  Dkt. No. 8 at 1-3.

Plaintiff's belated assertion that he is in imminent danger does not support a determination that he was in "imminent danger of serious physical injury" when he filed the complaint so as to come within the exception set forth in Section 1915(g).  As the October Order stated, Plaintiff's "allegations of wrongdoing that occurred, if at all, at Clinton Correctional Facility do not plausibly suggest that Plaintiff faced an imminent danger of serious physical injury when he brought this action on July 9, 2012, while he was incarcerated at Elmira Correctional Facility."  Dkt. No. 7 at 5 (citing *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009)).  Although Plaintiff now alleges that he is facing imminent danger at Elmira C.F., there is not "an adequate nexus between the claims he seeks to pursue [in this action] and the imminent danger he alleges [to be occurring at Elmira C.F.]"  *Pettus*, 554 F.3d at 296.

The Court has thoroughly reviewed Plaintiff's motion for reconsideration and finds that Plaintiff presents no basis for reconsideration of the October Order.  Thus, Plaintiff's motion for reconsideration (Dkt. No. 8) is denied in its entirety.

In light of Plaintiff's *pro se* status, he is granted an extension of time to comply with the October Order.  Thus, for the reasons set forth in the October Order, Plaintiff must, within thirty (30) days of the filing date of this Decision and Order, submit the full filing fee of $350.00.  If Plaintiff fails to timely pay the required filing fee in full, this action will be dismissed without prejudice without further order of the Court.

**III.    CONCLUSION**

**WHEREFORE**, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration (Dkt. No. 8) is **DENIED**; and the Court further

**ORDERS** that this action shall be **DISMISSED** without prejudice, without further order of the Court, if Plaintiff fails to pay the full filing fee of three hundred and fifty dollars ($350.00) **within thirty (30) days** of the filing date of this Decision and Order; and the Court further

**ORDERS** that, if Plaintiff timely pays the entire filing fee, the Clerk of the Court shall return the file to the Court for review of the complaint in accordance with 28 U.S.C. § 1915A;[1] and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 4, 2012
         Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] Pursuant to 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A. The Court expresses no opinion regarding the sufficiency of Plaintiff's complaint at this time.

4